**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ELIZABETH SARAH HAGAN,<br>*Petitioner,* | : | Case No. 3:26-CV-555 (SVN) |
| v. | : | |
| FLOWERS, Warden, FSL Danbury,<br>*Respondent*. | : | August 25, 2026 |

**RULING ON PETITION FOR HABEAS CORPUS RELIEF**

Sarala V. Nagala, United States District Judge

Petitioner Elizabeth Hagan, currently incarcerated at FCI Danbury in its low-security facility ("FSL Danbury"),[1] has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Am. Pet., ECF No. 8. She asserts in her habeas petition that the Bureau of Prisons ("BOP") has unlawfully denied her request for a *nunc pro tunc* designation that would permit her federal and state sentences to run concurrently. *See id.* at 2–8. For the reasons set forth below, the Court requires further briefing from the parties before acting on the petition.

## I. BACKGROUND

In August of 2021, the State of Georgia charged Petitioner with "Violation of racketeer influenced and corrupt organizations (RICO) act" in Richmond County Superior Court. McEvoy Decl., Attach. 1, ECF No. 17 at 3 (excerpt from Presentence Report ("PSR") filed in *United States v. Hagan*, 1:22-CR-00090-3 (S.D. Georgia)). Federal authorities then charged Petitioner with federal drug offenses in October of 2022, in the Southern District of Georgia. *See Hagan*, 1:22-

[1] *See* BOP, *Inmate Locator*, https://www.bop.gov/inmateloc (Reg. No. 28031-510) (last visited August 25, 2026) (showing Petitioner located at FCI Danbury); *see also* BOP, *FCI Danbury Holds Staff Recognition Event*, https://www.bop.gov/news/20180413_danbury_recognition_event_dedication.jsp (last visited August 25, 2026) (noting that the FSL ("Federal Satellite Low") facility is "located on the grounds" of FCI Danbury). The Court may take judicial notice of content on the BOP's website. *See United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate locator information).

CR-00090-3, Indictment, ECF No. 3.[2] That same month, the federal court issued a writ of habeas corpus ad prosequendum. *Id.*, Writ, ECF No. 13. Petitioner was "borrowed" from the custody of Georgia authorities pursuant to that federal writ of habeas corpus ad prosequendum in early November of 2022. McEvoy Decl., ECF No. 16-1 ¶ 6 (internal quotation marks omitted). Petitioner then appeared in federal court and was detained. *See Hagan*, 1:22-CR-00090-3, Minute Entry, ECF No. 67.

Petitioner pleaded guilty in federal court to Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances in February of 2023. *Id.*, Plea Agreement, ECF No. 124 at 1. In January of 2024, the federal court sentenced Petitioner to 120 months' imprisonment, to be followed by three years of supervised release. *Id.*, Judgment, ECF No. 320 at 1–2. The judgment was silent as to whether Petitioner's federal sentence was to be served concurrently with, or consecutive to, any potential state sentence to be imposed by the State of Georgia. *See id.* at 2.

Petitioner was returned to state custody two days after she was sentenced in federal court. McEvoy Decl., ECF No. 16-1 ¶ 7. On February 2, 2024, the state court sentenced Petitioner in relation to the RICO offense. *Id.* ¶ 8. Petitioner was sentenced to 30 months' imprisonment, with credit for time served, to be followed by 150 months' probation. *Id.*; McEvoy Decl., Attach. 2, ECF No. 16-1 at 9 (noting Petitioner "was sentenced on 02-02-2024 to 2 years and 6 months with credit for [t]ime-served"). The state court ordered Petitioner's state sentence to run concurrently with her federal sentence. *See* ECF No. 8 at 2; McEvoy Decl., Attach. 5, ECF No. 16-1 at 22. Petitioner completed her state sentence three days later, on February 5, 2024, and was then "turned

[2] The Court may make take judicial notice of documents filed in Petitioner's criminal case. *See Vandever v. Murphy*, No. 3:09-CV-1752 (AWT), 2012 WL 3727646, at *5 n.2 (D. Conn. Mar. 13, 2012) (taking judicial notice of "documents filed in cases in other courts").

over" to federal authorities to begin serving her federal sentence. McEvoy Decl., ECF No. 16-1 ¶ 8.

In the meantime, in January of 2024, Petitioner submitted administrative remedy documents with the BOP seeking prior custody credit, which the BOP construed "as a request for a nunc pro tunc, or retroactive concurrent designation" pursuant to agency policy. McEvoy Decl. Ex. 15 at 3, ECF No. 16-1 at 74. Pursuant to the same policy, the BOP sent a letter to Petitioner's federal sentencing court on September 4, 2024, to solicit the position of the court regarding the retroactive designation of the state institution for the concurrent service of the federal sentence. McEvoy Decl. ¶ 13 & Ex. 10, ECF No. 16-1 at 49–52. After the federal sentencing court did not respond, the BOP conducted an analysis of the factors set forth in 18 U.S.C. § 3621(b) and "determined that a retroactive designation was not appropriate." McEvoy Decl. ¶ 16 & Ex. 11, ECF No. 53–54.

On October 28, 2025, the sentencing court denied a subsequent motion filed by Petitioner asking the court "to instruct the [BOP] that her federal custody should be credited for time served in state custody from August 16, 2021, to April 16, 2024." McEvoy Decl., Ex. 12, ECF No. 16-1 at 56–58. The sentencing court stated that "where the Judgment and Commitment Order is silent, as here, the sentence is deemed to run consecutive to subsequently imposed sentences." McEvoy Decl. ¶¶ 9, 17 & Ex. 12 (citing 18 U.S.C. § 3584(a)). But Respondent correctly notes here that "[s]ection 3584 only applies when (a) multiple terms of imprisonment are imposed at the same time, or (b) if a term of imprisonment is imposed on a defendant who has already begun serving a previously imposed sentence." ECF No. 16 at 3 n.3; *Baltes v. Williams*, No. 3:18-CV-1387 (KAD), 2019 WL 2079827, at *5 (D. Conn. May 10, 2019) (citing *McCarthy v. Doe*, 146 F.3d 118, 121–22 (2d Cir. 1998)). Accordingly, the sentencing court may have been incorrect in its

determination that § 3584(a) precluded Petitioner's requested relief. The sentencing court also directed Petitioner to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the jurisdiction of incarceration, should she wish to challenge the execution of her sentence. ECF No. 16-1 at 58.

Petitioner thereafter did so, filing her original petition in April of 2026. *See* ECF No. 1. A few days later, she filed an amended petition asserting the same substantive claims. ECF No. 8.[3] Petitioner asserts that "because both her state and federal [ ] sentences involved the same underlying conduct, her federal sentence should be imposed *nunc pro tunc* from the date she began serving her state sentence." *Id.* at 10 (caps omitted; emphasis added). This would have the effect of reducing Petitioner's sentence by 30 months, to reflect the time Petitioner spent in state custody awaiting resolution of her cases. *See id.* at 13. Respondent contends that, "[s]ince the [BOP] properly exercised its discretion to deny the petitioner a *nunc pro tunc* designation, the petition should be denied." Resp., ECF No. 16 at 1 (emphasis added).

## II. LEGAL STANDARD

A federal prisoner may petition for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Thus, habeas petitioners may seek relief under section 2241 to challenge "such matters as the administration of parole, computation of a

[3] The Court issued an Order to Show Cause, ECF No. 9, directing Respondent to respond to the amended petition filed at ECF No. 8. Accordingly, although Respondent cites to the original petition, the Court considers Respondent's filing at ECF No. 16 to relate to the amended petition, which is the operative petition in this case, and does not differ materially in substance from the original petition.

prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

Accordingly, section 2241 petitions are appropriately used to challenge the BOP's denial of a prisoner's request for a *nunc pro tunc* designation. *See*, *e.g.*, *Johnson v. Fernandez*, No. 9:18-CV-0004 (GTS), 2019 WL 1455475, at *2, 5 (N.D.N.Y. Apr. 2, 2019) (considering prisoner's section 2241 petition challenging the BOP's denial of prisoner's request for *nunc pro tunc* designation). Petitioner "bears the burden of proving that [s]he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy h[er] burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

## III. DISCUSSION

For the reasons described below, the Court requires further briefing from the parties before acting on the petition, with regard to whether the BOP complied with an applicable Program Statement.

### A. Section 3621(b)

The Second Circuit has recognized that "[t]he law governing prisoners subject to multiple sentences, particularly prisoners subject to multiple state and federal sentences, is hardly a model of clarity." *McCarthy*, 146 F.3d at 120. This is especially true when, as in Petitioner's case, a defendant is sentenced in federal court while her state case remains pending. Courts "had long held that a federal judge's authority to impose a concurrent or consecutive sentence 'may be exercised regardless of whether the state sentence has yet been imposed[.]'" *United States v. Olmeda*, 894 F.3d 89, 92 (2d Cir. 2018) (quoting *Salley v. United States*, 786 F.2d 546, 547 (2d

Cir. 1986)). But the passage of the Sentencing Reform Act (SRA), which became effective in 1987, "generated uncertainty about this traditional view." *Id.*

Section 3584(a) of the SRA provides, in relevant part, that,

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

Circuit courts initially disagreed as to whether section 3584(a) permitted a federal court "to order that the sentence it is imposing run concurrently with a state sentence that has not yet been imposed." *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 74–75 (2d Cir. 2005) (collecting cases). But the Supreme Court resolved this disagreement by holding that a district court had the "authority to order that [a] federal sentence be consecutive to an anticipated state sentence that has not yet been imposed." *See Setser v. United States*, 566 U.S. 231, 233, 244–45 (2012).

While *Setser* settled the question of whether a district court *could* order a federal sentence to run consecutive to a state sentence that had yet to be imposed, it did not address the separate question of whether a district *must* do so. *See id.* at 244–45. The last clause of section 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). But both before and after *Setser*, the Second Circuit has held that when, as in Petitioner's case, "a federal sentence is imposed before a state sentence, and the federal court is silent as to whether those

sentences should be concurrent or consecutive, the presumption in § 3584(a) that those sentences must run consecutively does not apply." *Evans v. Larkin*, 629 F. App'x 114, 115 (2d Cir. 2015) (summary order) (citing *McCarthy*, 146 F.3d at 121–23). "In such cases, the BOP may designate a prisoner's state prison as a place of federal confinement under 18 U.S.C. § 3621(b)." *Id.*

Section 3621(b) "gives the BOP the authority to designate the place of the prisoner's imprisonment and for that purpose to designate any available penal or correctional facility whether maintained by the Federal Government or otherwise." *Abdul-Malik*, 403 F.3d at 75 (cleaned up) (quoting *McCarthy,* 146 F.3d at 122–23). When the BOP "designate[s] the state facility in which the prisoner was serving his state sentence as the place of federal confinement[,] … the prisoner's sentences w[ill] effectively run concurrently." *Id.* If, as in Petitioner's case, "a defendant held in state custody is produced for federal sentencing pursuant to writ and sentenced, and the state court later imposes a sentence which it orders to run concurrently with the federal sentence, the defendant may request that the BOP designate, *nunc pro tunc,* the state facility as a federal prison, pursuant to 18 U.S.C. § 3621(b)." *Jennings v. Schult*, 377 F. App'x 97, 98 (2d Cir. 2010) (summary order) (citing *Abdul–Malik,* 403 F.3d at 76; *McCarthy*, 146 F.3d at 123 n.4).

"The BOP must give 'full and fair consideration' to a prisoner's request for such designation." *Evans*, 629 F. App'x at 115 (quoting *Abdul–Malik,* 403 F.3d at 76). "Full and fair consideration" requires the BOP to consider five statutory factors contained in 18 U.S.C.§ 3621(b). *See id.* These factors include:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>> (B) recommending a type of penal or correctional facility as appropriate; and

> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C.§ 3621(b). Since *McCarthy*, courts have "review[ed] the BOP's determination whether to designate a state facility for service of a federal sentence under § 3621(b) for an abuse of discretion." *Evans*, 629 F. App'x at 115 (citing *McCarthy*, 146 F.3d at 123 n.4). And courts have concluded that the BOP does not abuse its discretion in denying a prisoner's request for a *nunc pro tunc* designation so long as the BOP considers the five statutory factors contained in section 3621(b). *See*, *e.g.*, *id.* at 116.

Here, the BOP's decision denying Petitioner's request for a *nunc pro tunc* designation is contained in Attachment 11 to the declaration submitted by Respondent. *See* McEvoy Decl., ECF No. 16-1 ¶ 16 (noting that, "on December 5, 2024, the Bureau denied a retroactive designation pursuant to Title 18 U.S.C. § 3621(b) and advised Petitioner Hagan of its review and determination") (citing McEvoy Decl. Attach. 11, ECF No. 16-1 at 53–54). The "Sentence Computation Center Retroactive Review Response ("Review Response") issued in Petitioner's case references the section 3621(b) factors and concludes that the BOP "has reviewed [Petitioner's] case under the aforementioned pertinent factors and determined that a retroactive designation was not appropriate," but the Review Response contains no analysis of how those factors apply to Petitioner. *See id.* at 54.

The attached "Factors under 18 USC 3621(b) Worksheet" ("Worksheet") provides more detail than the Review Response, but is similarly lacking in analysis. The Worksheet lists each section 3621(b) factor. *See id.* at 53. Under the first factor ("the resources of the facility contemplated"), the Worksheet notes that Petitioner "is in primary custody of the [BOP] and designated to FCI Danbury." *Id.* Under the second factor ("the nature and circumstances of the offense"), the Worksheet lists Petitioner's federal drug conviction and state RICO conviction and

concludes that the "Federal and State charges are not related in the PSI instant offense conduct." *Id.* Under the third factor ("the history and characteristics of the prisoner"), the Worksheet lists Petitioner's prior convictions contained within the PSR and notes that Petitioner has no prior disciplinary violations while in the BOP. *Id.* Under the fourth factor ("any statement by the court that imposed the sentence"), the Worksheet notes that the BOP contacted the sentencing court "regarding the granting of a retroactive designation" but had received no response. *Id.* And under the fifth factor ("any pertinent policy statement issued by the Sentencing Commission"), the Worksheet states that this factor is not applicable. *Id.*

Despite both the Review Response and Worksheet's lack of analysis, the Second Circuit and district courts within it have concluded that similar decisions pass muster under the deferential standard of review, even if the decision's analysis is wanting. *See*, *e.g.*, *Evans*, 629 F. App'x at 116 (holding that "the BOP's denial of a retroactive concurrent designation was not an abuse of discretion" because "[i]ts decision reflects that it considered the relevant factors" under section 3621(b)); *Mitchell v. Lara*, No. 11-CIV-1540 (LBS), 2011 WL 5075117, at *3 (S.D.N.Y. Oct. 25, 2011) (concluding that BOP did not abuse its discretion in denying a prisoner's request for *nunc pro tunc* designation because "[t]he fact that all five sections of the worksheet were filled out suggests that prison officials did take the statutory factors into account, albeit cursorily").

B. <u>Program Statement 5160.05</u>

As recognized in *Mitchell*, however, it is possible that the BOP failed to comply with Program Statement 5160.05[4] in conducting review of Petitioner's request. BOP Program Statement 5160.05 provides instructions for the designation of a state institution for concurrent service of a federal sentence. *See id*; *see also Mitchell*, 2011 5075117, at *4–7. Here, to start, it

[4] Available at https://www.bop.gov/policy/progstat/5160_005.pdf (last visited August 25, 2026).

is not clear that the Regional Counsel to the BOP made a decision about concurrency, as required by the Program Statement. BOP Program Statement 5160.05, Section 9(b)(4)(d). The record reflects that a "Corrections Program Specialist" and a "Section Chief" signed the forms denying Petitioner's request, but the record does not reflect whether these individuals work in the Regional Counsel's office. *See* McEvoy Decl., Attach. 11, ECF No. 16-1 at 53–54. A Regional Director for BOP went on to deny Petitioner's request for an administrative remedy, but this appears to have been part of the administrative remedy appeals process, *id*. Attach. 15, ECF No. 16-1 at 78. The record before the Court does not appear to contain evidence that the procedures established in Section 9(b)(4) for inmate *nunc pro tunc* requests were followed in this case. It also does not reflect that the Regional Inmate Systems Administrator considered the merits of Petitioner's case under the factors set forth in Section 8 of the Program Statement after failing to receive a response from the sentencing court. *See* BOP Program Statement 5160.05, Section 8 (listing "inmate discipline history," "institutional adjustment," "recommendations of the Wardens at the state and federal institutions," "the recommendation of the prosecuting Assistant U.S. Attorney," the "intent of the federal sentencing court, if available," and "any other pertinent information regarding the inmate" as the relevant factors).[5]

District courts appear to disagree whether a petitioner may advance a habeas claim based on the BOP's failure to comply with Program Statement 5160.05. *Compare Mitchell*, 2011 WL 5075117, at *4–7 and *Mitchell v. Lara*, Case. No. 11-CV-1540 (LBS), 2012 WL 1080290 (S.D.N.Y. April 2, 2012) ("*Michell II*") *with Fischer v. Hudson*, No. 9:14-CV-1409, 2015 WL 13002032, at *5 (N.D.N.Y. June 15, 2015). Accordingly, the Court requires further briefing from

[5] The Court recognizes that Petitioner did not make this argument in her papers, but it has an obligation to construe a *pro se* litigant's filing to raise the strongest arguments it suggests, *see Treistman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Additionally, as this issue has been raised in district court case law in the circuit, the Court believes it is appropriate to address.

the parties as to: (1) whether the BOP complied with Program Statement 5160.05; (2) whether, if it did not, Petitioner can raise a cognizable habeas claim for violation of a Program Statement; and (3) whether Petitioner exhausted administrative remedies with respect to Program Statement 5160.05, such that any such claim is reviewable by the Court. As in *Mitchell II*, the BOP may also choose to engage in the process provided for in Program Statement 5160.05, if appropriate.

Respondent shall file its supplemental briefing by **September 24, 2026,** and Petitioner may reply by **October 22, 2026.**

## IV. CONCLUSION

For the reasons set forth above, the Court requires further briefing before it can act on the amended petition for writ of habeas corpus, ECF No. 8.

**SO ORDERED** at Hartford, Connecticut, this 25th day of August, 2026.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE